UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KAMORRIE RANDLE, | ) | Case No. CV 14-2292 DSF(JC) |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER DISMISSING ACTION |
| v. | ) | WITHOUT PREJUDICE |
| | ) | |
| R.T.C. GROUNDS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

On March 25, 2014, petitioner, a California state prisoner proceeding *pro se*, filed a Request for Extension which seeks an extension of time to file a federal petition for writ of habeas corpus. ("Extension Request").[1] For the reasons discussed herein, this action is dismissed without prejudice for lack of jurisdiction.

The exercise of federal jurisdiction under the Constitution depends on the existence of a case or controversy. United States National Bank of Oregon v. Independent Insurance Agents of America, Inc., 508 U.S. 439, 446 (1993); Johnson v. Weinberger, 851 F.2d 233, 235 (9th Cir. 1988) (Article III, Section 2 of

---

[1] The Extension Request appears to have been signed by petitioner on March 11, 2014, to have been mailed on March 20, 2014, to have been received by the Clerk on March 24, 2014, and to have been formally filed on March 25, 2014.

1 the United States Constitution restricts adjudication in federal courts to cases and
2 controversies).  A case or controversy exists when one party demonstrates that it
3 has suffered injury-in-fact which fairly can be traced to acts or omissions of the
4 second party and when there is a substantial likelihood that the relief requested will
5 redress the injury claimed.  Johnson, 851 F.2d at 235.

6       A federal court lacks jurisdiction to consider the timeliness of a habeas
7 petition or to grant an extension to file such a petition unless and until such a
8 petition is actually filed because there otherwise is no case or controversy within
9 the meaning of Article III of the Constitution.  See Thomas v. Ochoa, 2013 WL
10 610772, *2 (C.D. Cal. Feb. 15, 2013) (Court lacks jurisdiction to address
11 petitioner's request for extension of time to file federal petition for writ of habeas
12 corpus in the absence of the actual filing of such a petition because Constitution's
13 "case or controversy" requirement precludes granting request for such an advisory
14 opinion); Ford v. Warden, 2008 WL 2676842, *1 (C.D. Cal. July 7, 2008)
15 (dismissing without prejudice request for extension of time to file habeas corpus
16 petition because without an actual petition, there was no "case or controversy" as
17 required by the Constitution); United States v. Leon, 203 F.3d 162, 164 (2d Cir.
18 2000) (granting government motion to dismiss appeal from order denying motion
19 to submit out of time petition under 28 U.S.C. § 2255 because no case or
20 controversy in absence of filing of petition); Calderon v. Ashmus, 523 U.S. 740,
21 746-49 (1998) (no "case or controversy" where prisoners sought declaratory relief
22 to determine the time limits that would govern future habeas actions); see also
23 United States v. Cook, 795 F.2d 987, 994 (Fed. Cir. 1986) (in Fair Labor Standards
24 Act case, district court erred by tolling statute of limitations in advance of the filing
25 of potentially untimely claims).

26     Here, because petitioner has not actually filed a federal petition for writ of
27 habeas corpus, there is no action or proceeding pending and no case or controversy
28 to be heard.  If petitioner actually files a petition for writ of habeas

1 corpus, then the Court may entertain an argument that such a petition is, or should
2 be deemed, timely. Unless and until petitioner does so, however, this Court lacks
3 jurisdiction to address the issue or to consider petitioner's Extension Request for
4 an extension of time to file a federal petition for writ of habeas corpus.

5       For the foregoing reasons, this case is dismissed without prejudice.
6       IT IS SO ORDERED.
7 DATED:   4/4/14

                                            _____
                                        HONORABLE DALE S. FISCHER
                                        UNITED STATES DISTRICT JUDGE